AO 245B    (Rev. 05/11-NYEP) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| CARLOS DIAZ | ) | Case Number: 09-CR-525 (S-1) |
| | ) | USM Number: 77566-053 |
| | ) | Florian Miedel, Esq. (Appointed) |
| | ) | Defendant's Attorney |

*[Stamp: FILED IN CLERK'S OFFICE U.S. DISTRICT COURT BD.N.Y MAR 12 2012 BROOKLYN OFFICE]*

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1s of superseding indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit mail and wire fraud, a Class C felony | 7/24/2009 | 1s |

The defendant is sentenced as provided in pages 2 through    6    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    2-15 of superseding indictment    ☐ is    ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/1/2012
Date of Imposition of Judgment

s/DLI

Signature of Judge

Dora L. Irizarry                    U.S. District Judge
Name of Judge                       Title of Judge

March 7, 2012
Date

AO 245B      (Rev. 05/11-NYEP) Judgment in a Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: CARLOS DIAZ
CASE NUMBER: 09-CR-525 (S-1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twelve (12) months and one (1) day.

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to Ft. Dix to accommodate family visitation.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on   1/2/2013 _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 05/11-NYEP) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT:  CARLOS DIAZ
CASE NUMBER:  09-CR-525 (S-1)

Judgment—Page __3__ of __6__

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Three (3) years.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARLOS DIAZ
CASE NUMBER: 09-CR-525 (S-1)

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall comply with the restitution order;

2) The defendant shall comply with the forfeiture order;

3) The defendant shall make full financial disclosure to the U.S. Probation Department;

4) The defendant shall maintain fulltime, lawful, and verifiable employment;

5) The defendant shall not possess a firearm, ammunition, or destructive device.

Judgment — Page  5  of  6

DEFENDANT:  CARLOS DIAZ
CASE NUMBER:  09-CR-525 (S-1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 654,197.27 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| AT&T | $441,161.27 | $441,161.27 | |
| Asurion | $213,036.00 | $213,036.00 | |
| TOTALS | $ 654,197.27 | $ 654,197.27 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☑  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 05/11-NYEP) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: CARLOS DIAZ
CASE NUMBER: 09-CR-525 (S-1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    ☐ F below); or

C  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

     Restitution shall be paid to the Clerk of Court, Eastern District of New York at the following rate(s):
     $25 per quarter while in custody; 10% gross monthly income while on supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

     codefendants Rohan Stewart under 09-CR-525

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

     See attached forfeiture order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DAS:KKO/BM
F.#2007R00761

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CARLOS DIAZ,

           Defendant.

- - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

09 CR 525 (S-1)(DLI)

       WHEREAS, on or about September 26, 2011, the defendant,
CARLOS DIAZ entered a plea of guilty to Count One of the above-
captioned Superseding Indictment charging a violation of 18
U.S.C. § 1349;

       WHEREAS, the defendant has consented to the entry of a
forfeiture money judgment in the amount of forty-seven thousand
five hundred thirty dollars ($47,530) in United States currency
(the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981
(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), as
property which constitutes or is derived from proceeds traceable
to a violation of 18 U.S.C. § 1349, and/or as substitute assets;

       IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent,
by and between the United States and the defendant as follows:

       1.    The defendant shall forfeit to the United States
the full amount of the Forfeiture Money Judgment, pursuant to 18
§ U.S.C. 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 853(p).

2

2.    Payment of the Forfeiture Money Judgment shall be
made by certified or bank check, payable to the United States
Secret Service, on or before the date he enters his plea of
guilty pursuant to his agreement.  The defendant shall cause said
check to be hand-delivered to Assistant United States Attorney
Brian Morris, 271 Cadman Plaza East, Brooklyn, NY 11201, with the
criminal docket number noted on the face of the check.

3.    If the Forfeiture Money Judgement is not paid on
or before the date the defendant enters his plea of guilty
pursuant to his agreement, interest shall accrue on any unpaid
portion at the judgment rate of interest from that date.  If the
defendant fails to pay any portion of the Forfeiture Money
Judgement on or before the date of his guilty plea, the defendant
consents to the forfeiture of any other property of his up to the
value of the Forfeiture Money Judgment, and the government may
collect the unpaid balance pursuant to 21 U.S.C. § 853(p), the
Federal Debt Collection Procedure Act, or any other applicable
law.

4.    The defendant shall fully assist the Government in
effectuating the payment of the Forfeiture Money Judgment.  The
defendant shall not file or interpose any claim or assist others
in filing or interposing any claim to any property against which

United States v. Carlos Diaz, CR-09-525 (S-1) (Irizarry, J.)
Order of Forfeiture

3

the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

5.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the assets and monies forfeited hereunder.  The defendant further knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the assets and monies forfeited hereunder, and waives any and all defenses to the forfeiture described in this Consent Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

6.    Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7.    The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in

United States v. Carlos Diaz, CR-09-525 (S-1) (Irizarry, J.)
Order of Forfeiture

4

the judgment.  This Order shall become the Final Order of
Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9.    This Order shall be binding upon the defendant and
the successors, administrators, heirs, assigns and transferees of
the defendant, and shall survive the bankruptcy of any of them.

10.   The Court shall retain jurisdiction over this
action to enforce compliance with the terms of this Order.

11.   The Clerk of the Court is directed to send, by
inter-office mail, five certified copies of this executed Order
to FSA Paralegal Nicole Brown, United States Attorney's Office,
Eastern District of New York, 271 Cadman Plaza East, Brooklyn,
New York 11201.


Dated: Brooklyn, New York
       February 17, 2012

                                        S/DLI

                                _____
                                HONORABLE DORA L. IRIZARRY
                                UNITED STATES DISTRICT JUDGE




United States v. Carlos Diaz, CR-09-525 (S-1) (Irizarry, J.)
Order of Forfeiture